UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| BERALDO FONSECA, | ) | CASE NO. 4:07 CV1974 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) |  AND ORDER |
| RODDIE RUSHING, | ) | |
| | ) | |
| Respondent. | ) | |

On July 3, 2007, pro se plaintiff Beraldo Fonseca filed the above-captioned petition for writ of habeas corpus against Roddie Rushing, acting warden at Northeast Ohio Correctional Center (N.E.O.C.C.) in Youngstown, Ohio pursuant to 28 U.S.C. §2241.  Mr. Fonseca, who is incarcerated at N.E.O.C.C., alleges that his indictment was "constructively amended" during trial and he was convicted of thirteen uncharged offenses in violation of the Fifth and Sixth Amendments to the United States Constitution.

*Background*

A grand jury in the United States District Court for the Eastern District of Virginia returned an indictment against Mr. Fonseca in 1992.  See United States v. Fonseca, No. 92-CR-0147 (E.D. Va. 1992).  The one count indictment charged petitioner and two co-defendants with conspiracy to possess and distribute cocaine in violation of 21 U.S.C. §§ 841 and 846.  After entering a plea of not guilty to the charges he was convicted by a jury.  The court sentenced

petitioner to 262 months in prison on September 4, 1992.  Through counsel, Mr. Fonseca appealed his conviction to the United States Court of Appeals for the Fourth Circuit based on insufficient evidence.  The appellate court affirmed the district court's decision on July 7, 1993.

A series of petitions was subsequently filed by Mr. Fonseca, beginning with a Motion to Vacate Sentence, which he filed in the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 2255 on September 29, 1997.  The motion was denied and he requested leave to file a successive petition in the Fourth Circuit in light of Apprendi v.  New Jersey, 120 S. Ct.  2348 (2000).  The court denied his request on February 1, 2001.  Petitioner then filed two petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Pennsylvania.  The district court dismissed both petitions on August 11, 2003.  Mr. Fonseca then filed another request for leave to file a successive petition in the Fourth Circuit.  The court denied his request on December 17, 2005.  A petition for writ of certiorari was subsequently filed in the United States Supreme Court by petitioner.  The Court denied his request on June 20, 2005.  A third § 2241 petition was filed by Mr. Fonseca in the United States District Court for the Western District of Pennsylvania.  The district court denied his last motion to vacate on January 4, 2006.

In his petition before this court, Mr.  Fonseca argues that during trial the prosecution presented evidence to the jury which "constructively amended" the indictment filed against him. This permitted the jury to convict of him of thirteen offenses for which he was never formally charged.  It is his contention that this effectively rendered his direct appeal and first motion to vacate unconstitutional.  Moreover, he asserts that any claim of "constructive amendment" to an indictment should be treated as a claim of actual innocence and, thus, the matter must be determined on the merits.

*Analysis*

Mr. Fonseca argues that even though he was only indicted for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846, the evidence and instructions presented to the jury led to his conviction for illegal importation of a controlled substance.  He outlines in detail the trial testimony of Claudio Cavalcanti, Ana de Medeiros, Customs Agent Faizul Mohammed and Timothy Flood as proof that the prosecution was focused on his illegal importation activities rather than intent to distribute cocaine, as he was charged in the indictment.

He cites a string of cases which support the proposition that a court cannot add charges to an indictment without the concurrence of a grand jury.  In United States v. Miller, 471 U.S. 130 (1887) the Supreme Court noted that a defendant's conviction for an offense not included in the indictment violated the grand jury guarantee under the Fifth Amendment.  In the Fourth Circuit, the court explained that constructive amendment "occurs when either the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented by the grand jury." United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994).

In the present action Mr. Fonseca maintains that while the jury was presented with evidence that supported the crime of illegal importation, they were never advised that the thirteen instances of illegal importation presented during trial were not elements of the illegal distribution violation for which he was charged.  He provides detailed accounts of errors made during trial which he believes constitute a constructive amendment of the indictment filed against him.  He ultimately seeks an order from this court releasing him from what he perceives as illegal imprisonment.

*Jurisdiction*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977).

It is abundantly clear that Mr. Fonseca is challenging his underlying conviction. While he has named the appropriate respondent for a § 2241 habeas petition, the warden does not have the authority to alter his sentence without an order from this court setting aside his original sentence. In order to proceed, Mr. Fonseca would need leave to proceed through §2255's safety valve. Under this provision a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997).

It is not sufficient proof of inadequacy or ineffectiveness to simply allege that one is barred from filing a §2255 motion. As a matter of law, courts have determined that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred

from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998).

It seems that Mr. Fonseca is foreclosed from filing another §2255 motion for most of the reasons outlined above. From a legal perspective, the fact that he may be barred from filing another §2255 does not translate into a finding that his remedy under § 2255 is inadequate or ineffective. Furthermore, unlike other prisoners who have obtained review of their viable innocence claims under § 2241 because they did not have a prior opportunity to present their claims, see, e.g., In re Davenport, 147 F.3d 605, 609, 611 (7th Cir.1998), Mr. Fonseca has had several opportunities to raise his claim on direct appeal or in his first § 2255 motion to vacate.

*Conclusion*

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Peter C. Economus - 10/1/07
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE